

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2003

# Boesch v. Sacco

Precedential or Non-Precedential: Non-Precedential

Docket 02-2207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Boesch v. Sacco" (2003). *2003 Decisions.* Paper 551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2207

———————

CHRISTINA BOESCH,

<u>Appellant</u>

v.

NICHOLAS SACCO; HERBERT KLITZNER; KATHY SOMICK; CAROL FONTANA;
MIKE MEANO; EDWARD GIUNTA; LILLIANA DUQUE; GERALDINE BAKER; NORTH
BERGEN BOARD OF EDUCATION;
TOWNSHIP OF NORTH BERGEN

———————

Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 01-cv-1724)
District Judge: The Honorable Joel A. Pisano

———————

Argued on December 10, 2002

———————

Before: FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>, and
WALLACH, <u>Judge</u>[*]

(Opinion Filed: April 29, 2003)

———————

———————

[*] The Honorable Evan J. Wallach of the United States Court of International Trade,
sitting by designation.

OPINION

WALLACH, <u>Judge</u>:

Appellant Christina Boesch appeals the district court's dismissal of her Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

We dismiss the appeal for lack of jurisdiction.

**I.**

Boesch sought to run with appellee Edward Giunta for positions with the Democratic Party. Specifically, Boesch sought to run for office as a Democratic County Committeewoman for Ward 6, District 2, of the Township of North Bergen.[1]

The filing deadline for the June 6, 2000 Democratic Primary Election of the Township of North Bergen was 4:00 p.m. on April 13, 2000. Boesch delivered her petition to Democratic Party Municipal Committee Chairman John Martone days earlier, but to ensure her petition was filed, Boesch went to the North Bergen Township Clerk's Office on April 13.

Apparently, Lilliana Duque had also filed a petition for Democratic County Committee Person for Ward 6 on April 13. Like Boesch's petition, Duque named Giunta as a running mate and Duque and Giunta both also ran under the slogan "Hudson County

---

[1] We dispense with a full recitation of the facts. Those stated here are Boesch's allegations, taken as true for purposes of Appellees' Motion to Dismiss. The parties are already familiar with them.

Democratic Organization." Because Giunta could not be listed on two simultaneous petitions, the Clerk of the Board of Elections asked Giunta to select on which petition he wished to run; he chose to run with Duque and struck his name from Boesch's petition. Boesch claims that all other petitions but hers were filed after the 4:00 p.m. deadline, and were therefore untimely and invalid. Her primary argument was that, because others were late in filing, Boesch had the right to run in an uncontested election.

Boesch later learned that her petition had not been certified by the North Bergen Clerk and that her petition was altered by Giunta post-submission. Copies of the petition show that Giunta's name was crossed out and the initials "E.G." were written in, appearing to ratify the change. Because the Township had failed to certify Boesch's petition, her name was going to be omitted from the June 6, 2000 primary ballot.

So that Boesch was still able to run in the primary election, the North Bergen Township petitioned in New Jersey Superior Court to place Boesch's name on the ballot. The petition was granted and Boesch's name appeared as a candidate on the primary ballot. The ballot was reprinted with Boesch running individually and Duque and Giunta running together. Duque and Giunta won the election and Boesch was defeated. Duque and Giunta served their entire one-year term in office. It was pointed out at oral argument that Boesch ran for the same office the following year, and again lost.

Boesch did not contest the election or any aspect of the election process under New Jersey state law. Instead, she filed suit in federal court alleging that Mayor Nicholas Sacco, Township Attorney Herbert Klitzner, Township Clerk Carol Fontana, Deputy Township

3

Clerk Geraldine Baker, Mike Meano, the Township of North Bergen and the North Bergen Board of Education conspired to engage in fraudulent election activities. Boesch contended that under the facts alleged, she had a right to run unopposed for Committeewoman, to have Giunta as her running mate, and to be the candidate of the Democratic Party. She claimed that Appellees "engaged in a course of habit violating [her] rights protected by the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, Fourteenth, and Fifteenth Amendment . . . as well as those rights protected in 42 U.S.C. Sections 1983, 1984, and 1985, as well as the specific federal statute that defines and proscribes voting and election conduct that constitutes improper election activity." Complaint ¶49.

On March 11, 2002, the district court determined that Boesch's Complaint failed to state a claim upon which relief can be granted and dismissed it pursuant to Fed. R. Civ. P. 12(b)(6). In its unpublished opinion accompanying the order, the court stated, "In spite of pleading violations of nine constitutional amendments and four federal statutes, plaintiff fails to state a single viable claim." *Boesch v. Sacco*, No. 01-1724 at 6 (D.N.J. Mar. 11, 2002).

## II.

Our review of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is plenary. *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). We "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and [the court] must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

4

At oral argument, counsel for Boesch conceded that the original Complaint was poorly drafted, and narrowed the appeal to those arguments claiming a violation of Boesch's rights under the First, Fifth, and Fourteenth Amendments. Boesch continued to argue that those rights were violated because at the time she filed her petition, she was the only candidate, and yet was denied the chance to run in an uncontested election. Thus, she argued, her right to participate in an orderly and rule-driven electoral process was violated, depriving her of the rights to due process and freedom of association.

Minor irregularities, including those alleged by Boesch, do not rise to the level of a constitutional violation; especially where adequate state corrective procedures exist. Even after taking all of Boesch's allegations as true and drawing all reasonable inferences in her favor, we must conclude that Boesch lacks constitutional standing to maintain this appeal. Boesch's name was placed on the ballot under a state court order requested by the Township. She ran in the primary election and was defeated. She failed to avail herself of any post-election state-law remedies, such as election contest procedures, in state court. Neither in her briefs here, nor in the record below could she articulate what damages she has suffered, what redress she seeks, or what federal cause or causes of action would make her whole. Her claims are beyond the ken of this, or any, federal court.

The Supreme Court has

> frequently explained, [that] a plaintiff must meet three requirements in order to establish Article III standing. First, he must demonstrate "injury in fact" – a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." Second, he must establish causation – a "fairly . . . traceable" connection between the alleged injury in fact and the alleged conduct of the

defendant. And third, he must demonstrate redressability – a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. These requirements together constitute the "irreducible constitutional minimum" of standing, which is an "essential and unchanging part" of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches.

*Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (internal citations omitted).

Boesch has utterly failed to meet the redressability prong of the Article III standing inquiry.[2] She has not, and it appears, could not, demonstrate that the federal courts can provide her with relief that would remedy the injury she alleges. At oral argument, Boesch's counsel did not articulate what, if any, damages she was seeking. To the contrary, Boesch concedes that the party position she sought was an unpaid one, and did not articulate any other basis on which money damages might have been available. Nor could any injunctive or other equitable relief redress Boesch's alleged injury.

Since Boesch did not identify any relief that would remedy her alleged injury, she lacks standing to pursue this appeal, and we will dismiss the appeal for lack of standing, and therefore, lack of jurisdiction.

## III.

For the foregoing reasons, we will dismiss the appeal for want of jurisdiction.

---

[2]   In any case, even taking Boesch's allegations and their reasonable inferences as true, the actions alleged could not have created a constitutional violation requiring a federal remedy. Not every election irregularity gives rise to a constitutional claim.

6

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Evan J. Wallach
Judge